UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INFINITY AUTO INSURANCE COMPANY,

    Plaintiff,

v.                                       CASE NO.: 8:10-cv-1155-T-23AEP

RUSSELL GROVER, JOSEPHINE
GROVER, and DOMINIC SPIGNARDO,

    Defendants.
_____/

## **ORDER**

      The plaintiff sues (Doc. 1) pursuant to 28 U.S.C. § 2201 for declaratory relief and rescission of an automotive insurance policy. The defendants move (Doc. 11) for a more definite statement and request that the plaintiff provide "the specific reasons why the plaintiff believes its [sic] entitled to the relief of recision [sic] of contract along with the specific reasons why the plaintiff believes that the defendants[] do not qualify for benefits under the policy in question . . . ."

      The complaint alleges that, in obtaining insurance from the plaintiff, the defendants Russell and Josephine Grover misrepresented the size of the Grover household by failing to disclose the existence of another driver (and purported household member), Dominic Spignardo, Russell Grover's stepson, who allegedly sustained injuries in an accident, hired an attorney, and submitted a claim to the plaintiff. Spignardo stated and the Grovers confirmed that Spignardo has resided in the Grover household for approximately the past thirteen years. The plaintiff seeks

rescission of the policy based on the Grovers' failure to disclose Spignardo in the Grover's insurance application.

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).  A Rule 12(e) motion is appropriate if "the pleading is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Sun Co., Inc. (R & M) v. Badger Design & Constr., Inc., 939 F. Supp. 365, 368 (E.D. Pa. 1996). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." Aventura Cable Corp. v. Rifkin/Narragansett South Fla. CATV Ltd. P'ship, 941 F. Supp. 1189, 1195 (S.D. Fla. 1996); see Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 983-84 (11th Cir. 2008) (finding that the appropriate response to a "shotgun" pleading is a Rule 12(e) motion).

In this action, the complaint (Doc. 1) is both highly intelligible and readily susceptible to a responsive pleading.  The complaint consists neither of a shotgun pleading nor of a pleading so vague as to foreclose a response.  Accordingly, the motion for a more definite statement (Doc. 11) is **DENIED**.

ORDERED in Tampa, Florida, on July 16, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE